**UNITED STATES of America, Plaintiff—Appellee,**

v.

**John Matheson LEACH, Defendant— Appellant.**

No. 02–50243.

D.C. No. CR–01–00110–GLT–2.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2003.*

Decided Feb. 13, 2003.

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

MEMORANDUM**

John Matheson Leach appeals the district court's enhancement of his wire fraud sentence for mass-marketing, involvement of vulnerable victims, and involvement of a large number of vulnerable victims. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Leach first contends that the seventy-four people victimized while he participated in a sweepstakes telemarketing scheme do not constitute a large enough number of victims to justify application of a mass-marketing enhancement pursuant to U.S. Sentencing Guidelines Manual § 2F1.1(b)(3) (2000). Under § 2F1.1(b)(3), however, Leach's method for defrauding individuals is more important than the number of his victims. *See United States v. Pirello*, 255 F.3d 728, 732 (9th Cir.2001) ("The relatively low number of individuals actually victimized by [the defendant] before the FBI ended his scheme was the product of chance, and in no way indicative of the breadth of [his] solicitation."). Indeed, the seventy-four victims acknowledged by Leach represent only those fraudulent attempts that proved successful. Leach cold-called from long lists of people, attempting to persuade them to send in money to collect false sweepstakes prizes. His was a classic "mass-marketing" scheme, *see* U.S. Sentencing Guidelines Manual § 2F1.1, cmt. n. 3 (2000); the

---

**2.** At least twice, the ALJ accused counsel of being from "outer space" or having just returned from her "spaceship."

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

two-level enhancement for mass-marketing was thus appropriate.

The district court was also within its discretion in applying two-level enhancements for involvement of vulnerable victims and involvement of a large number of vulnerable victims pursuant to U.S. Sentencing Guidelines Manual § 3A1.1(b)(1)-(2) (2000). Leach knew, or should have known, that many of his victims were unusually vulnerable. *See United States v. Scrivener,* 189 F.3d 944, 950 (9th Cir. 1999); *United States v. Randall,* 162 F.3d 557, 560 (9th Cir.1998). He and other participants in the scheme cold-called targets during the day, reaching many senior citizens. Furthermore, he "re-loaded" previous victims. Leach's contention that punishment for re-loading was already addressed by the district court's amount-of-loss enhancement is without merit. *See United States v. Kentz,* 251 F.3d 835, 843 (9th Cir.2001). Finally, the district court did not clearly err in extrapolating from the government's sample of victim impact statements to determine the amount of vulnerable victims, *see Scrivener,* 189 F.3d at 949–50, and was within its discretion in considering that amount a "large number" for purposes of enhancing Leach's sentence. *See, e.g., Kentz,* 251 F.3d at 843.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Weiner, Senior United States District Judge for the District of Eastern Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.